UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| **Case No.** | ED CV 17-00286-VBF (AS) | **Dated:** January 23, 2018 |
| **Title:** | *Anthony Edward Herr, Plaintiff v. Sergeant Wheeler in his official capacity, Defendant* | |

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |

Attorney Present for Petitioner: N/A    Attorney Present for Respondent: n/a

**Proceedings (in chambers): ORDER**    **Dismissing Action With Prejudice; Directing the Entry of Separate Final Judgment; Terminating the Case (JS-6)**

PROCEDURAL HISTORY. Proceeding pro se, Anthony Edward Herr ("plaintiff") filed the 42 U.S.C. section 1983 complaint in San Bernardino County Superior Court on January 13, 2017, and defendants San Bernardino County Sheriff's Department and Sergeant Wheeler in his official capacity removed the case to this court on February 16, 2017. *See* Case Management / Electronic Case Filing ("CM/ECF") Document ("Doc") 1. Defendants filed a motion to dismiss the original complaint on February 23, 2017 (Doc 6), and on April

CIVIL MINUTES - GENERAL            -1-            Initials of Deputy Clerk ___smo___

19, 2017 this Court issued an Order (Doc 9) dismissing the complaint without prejudice, i.e. with leave to amend.

On May 19, 2017, plaintiff filed the first amended complaint ("FAC") against Wheeler alone; the FAC did not name the Sheriff's Department or County as defendants (Doc 10). Wheeler filed a motion to dismiss on June 30, 2017 (Doc 12); plaintiff filed opposition (Doc 14) on August 7, 2017, and Wheeler filed a reply (Doc 15) on August 14, 2017.

**On September 21, 2017, the Magistrate issued an Order (Doc 16) that dismissed the FAC without prejudice, with leave to file a Second Amended Complaint by October 21, 2017.** The September 21, 2017 Order stated, "Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described herein, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order." Doc 16 at 11; *cf. Juan Perez v. Superior Court of California*, No. LA CV 18-00267-SVW-KK, 2018 WL 502311, *3 (C.D. Cal. Jan. 22, 2018) (Kato, M.J.) ("If Petitioner . . . fails to respond within twenty-one (21) days of the date of this Order, the Court will dismiss the petition without prejudice for lack of jurisdiction and/or failure to prosecute and obey court orders.") (citing Fed. R. Civ. P. 41(b)).

The September 21, 2017 deadline came and went without plaintiff filing an SAC, seeking an extension of the SAC deadline, or otherwise communicating with the Court. More than five weeks after that deadline elapsed, on November 2, 2017, the Magistrate Judge issued an Order (Doc 18 at 1) ordering plaintiff to show cause, in writing, no later than November 17, 2017, "why this action should not be dismissed *with* prejudice for failure to prosecute." **The November 17, 2017 show-cause deadline elapsed more than two months ago, and the Court has received no response from the plaintiff.**

ANALYSIS: DETERMINING A SANCTION FOR LACK OF PROSECUTION

**In the Ninth Circuit, the legal standard governing dismissal for lack of prosecution**

**and/or for failure to comply with court orders is set forth in *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). As to the first two *Carey* factors, dismissal would advance the public interest in the expeditious resolution of litigation on its merits and the court's need to manage its docket**, because plaintiff's failure to file a SAC or even respond to the show-cause order hinders the court's ability to move this case toward disposition on the merits and indicates that he does not intend to litigate this action diligently. *See Pagtalunan v. Galazas*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999); *Ash v. Svetkov*, 739 F.3d 493, 496 (9th Cir. 1984) (emphasizing court's need to manage its docket in this context). *See, e.g.,* dismissing for lack of prosecution: *Jackson v. Cate*, 2012 WL 6964422, *2 (C.D. Cal. Nov. 14, 2012) ("[a]s a result of Plaintiff's failure to file a Second Amended Complaint, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 372575 (C.D. Cal. Jan. 30, 2013); *Dawson v. Watanathia*, 2013 WL 1247641, *2 (C.D. Cal. Feb. 26, 2013) (*Carey* factors 1 and 2 favored dismissal because due to "plaintiff's failure to return the service package, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 1248680 (C.D. Cal. Mar. 27, 2013).

**The Court would further note that plaintiff's *pro se* status does not entitle him to thwart the public policies animating *Carey* factors one and two.** An "individual representing himself or herself . . . is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law." *Meeks v. Wells Fargo Bank*, 2014 WL 295171, *1 (E.D. Cal. Jan. 27, 2014) (citing E.D. Cal. LCivR 183(a)); *accord Blaisdell v. City of Rochester*, 2010 WL 3168312, *6 (D.N.H. Aug. 10, 2010) (dismissing action for lack of prosecution, court stated, "[P]ro se litigants in civil cases are not entitled to extra 'procedural swaddling' and must still comply with procedural rules and substantive law. Here, the court explicitly warned the plaintiff that the case would be dismissed for failure to comply with scheduling orders.") (internally citing *Eagle Eye Fishing Corp. v. US Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994)); *Adonai-Adoni v. King*, 2012 WL 3535922, *3 n.1 (E.D. Pa. June 7, 2012) (citing *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994)).

**As to the third *Carey* factor, a rebuttable presumption of prejudice to the defendants**

arises when a plaintiff unreasonably delays prosecution. *See Eisen*, 31 F.3d at 1452-53; *id.* at 1453-53 ("'[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) and citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991)). Likewise, where a party offers a poor excuse or no excuse for failing to comply with an order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Plaintiff Herr could rebut this presumption of prejudice by an affirmative showing of just cause for his delay and failure to prosecute, *Eisen*, 31 F.3d at 452-53, but he has not tried to do so.

**As to the fourth *Carey* factor, the policy favoring resolution of cases on their merits does not weigh against dismissal here** because plaintiff has shirked his responsibility to move the case towards such a merits disposition. *See Morris*, 942 F.2d at 652. The Circuit "recognize[s] that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Lit.*, 460 F.3d 1217, 1226 (9th Cir. 2006). "As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action." *Zamani v. Colvin*, 2013 WL 3744217, *2 (E.D. Cal. July 15, 2013) (citing, *inter alia*, *PPA*, 460 F.3d at 1226).

**As for the fifth *Carey* factor, the Court finds that no available lesser sanctions would be effective rather than dismissal with prejudice**. "[U]nder the circumstances presented (i.e., plaintiff's . . . failure even to respond to the Order to Show Cause), it does not appear to the Court that there any less drastic sanctions available . . . ." *Dawson*, 2013 WL1247641 at *2. *Accord Mance v. Arizona State Univ.*, 2012 WL 2798767, *3 (D. Ariz. July 9, 2018) (Steven McNamee, Sr. J.) ("The fifth factor . . . also weighs in favor of dismissal. The Court attempted to assist Plaintiff in filing an amended complaint. It was made clear to her the consequences of her failure to do so."); *Barajas v. San Bernardino Sheriff's Dep't*, 2009 WL 1605706, *2 (C.D. Cal. June 2, 2009) ("The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or

participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents."). **"Other possible sanctions for [the] delay are not appropriate . . . ; otherwise, court orders would be hollow and meaningless."** *Mance*, 2012 WL 2798767 at *3.

**Accordingly, as the Court warned it would do, the Court will dismiss the action with prejudice, with no further opportunities for objection or argument.** *See, e.g., Perkins v. Baushman*, No. ED CV 17-01781, 2018 WL 502359, *3 (C.D. Cal. Jan. 19, 2018) (James Selna, J.) (dismissing habeas action due to pro se prisoner's failure to respond to order to show cause why the action should not be dismissed due to lack of exhaustion and other defects, noting, "Petitioner's failure to follow this Court's orders and to prosecute this case has caused this action to languish, impermissibly allowing the petitioner to control the pace of the docket rather than the court") (analyzing the factors set forth *Carey*, 856 F.2d at 1441).

### ORDER

Pursuant to Fed. R. Civ. P. 41(b), C.D. Cal. Local Civil Rule 41-1, and this Court's inherent authority, this action is **DISMISSED with prejudice** for prolonged lack of prosecution and repeated failure to comply with court orders.

As required by Fed. R. Civ. P. 58(a), final judgment consistent with this Order will be entered as a separate document.

This case shall be **TERMINATED** and closed (JS-6).

This is a final and immediately appealable order.

IT IS SO ORDERED.